UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS F. MATHESON JR., Derivatively on Behalf of Nominal Defendant, IBIS TECHNOLOGY CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN J. REID, DIMITRI A. ANTONIADIS, ROBERT L. GABLE, LESLIE B. LEWIS, DONALD McGUINNESS, LAMBERTO RAFFAELLI, and COSMO TRAPANI,<br><br>Defendants<br><br>and<br><br>IBIS TECHNOLOGY CORP.,<br><br>Nominal Defendant. | Civil Action No. 04-10341 (RCL) |

## DEFENDANTS' RESPONSE TO ORDER ON
## UNOPPOSED MOTION TO ADMINISTRATIVELY CONSOLIDATE ACTIONS

Defendants Martin J. Reid, Dimitri A. Antoniadis, Robert L. Gable, Leslie B. Lewis, Donald McGuinness, Lamberto Raffaelli, and Cosmo Trapani (collectively, "Defendants"), who together comprise the entire board of directors of Ibis Technology Corp. ("Ibis"), respectfully respond as follows to this Court's April 7, 2004 order reserving ruling on Plaintiff's Unopposed Motion to Administratively Consolidate Actions:

     1.     Ibis is a Danvers, Massachusetts-based company that manufactures and markets SIMOX-SOI implantation equipment for the worldwide semiconductor industry. SIMOX, which stands for Separation by **IM**plantation of **O**xygen, is a form of silicon-on-insulator, or SOI, technology. Ibis' products implant, or sandwich, an insulating layer of oxygen between a top

layer and a bottom layer of silicon, resulting in lower operating temperatures and greater efficiency of the ultimate semiconductor product.

2.   On December 29, 2003 a purported securities class action complaint was filed against Ibis and its chief executive officer, Martin J. Reid. <u>Martin Smolowitz v. Ibis Technology Corp. et. al.</u>, Civ. No. 03-12613 (RCL). From early January 2004 through early March 2004, four additional class action complaints were filed against Ibis and Mr. Reid: <u>Fred Den v. Ibis Technology Corp. et al.</u>, Civ. No. 04-10060 (RCL) (filed on or about January 9, 2004); <u>Jeffrey Weinstein v. Ibis Technology Corp. et al.</u>, Civ. No. 04-10088 (RCL) (filed on or about January 14, 2004); <u>George Harrison v. Ibis Technology Corp. et al.</u>, Civ. No. 04-10286 (RCL) (filed on or about February 11, 2004); and <u>Eleanor Pitzer v. Ibis Technology Corp. et al.</u>, Civ. No. 04-10446 (RCL) (filed on or about March 4, 2004). These additional purported class action complaints are mirror images of the <u>Smolowitz</u> action, often matching the <u>Smolowitz</u> complaint word-for-word.

3.   On March 5, 2004, certain class action plaintiffs filed a motion to consolidate all these pending class actions (collectively the "Class Actions"), along with motions seeking their appointment as a lead plaintiff "group" and for approval of choice of lead counsel. Those motions are pending before the Court. Defendants have filed a limited opposition to the amalgamation of these unrelated plaintiffs for lead plaintiff purposes. Defendants also believe that the Class Actions lack any merit, believe that the current complaints should be dismissed, with prejudice, and intend to move for dismissal as a matter of law at the appropriate time (i.e., upon the filing of any consolidated complaint).

4.   On February 19, 2003, Plaintiff filed the above-captioned action ("the Purported Derivative Action"). Although styled as a shareholder derivative action, Plaintiff's complaint

2

("the Purported Derivative Complaint") merely rehashes and repackages the allegations set forth in the Class Action complaints. While the class action plaintiffs contend that their allegations constitute breaches of the federal securities laws, Plaintiff contends that the identical allegations also constitute breaches of fiduciary duties owed to Ibis. In a number of instances, the Purported Derivative Complaint is word-for-word identical to the Class Action lawsuits. (See, e.g., Paragraph 27 of the Purported Derivative Complaint, which summarizes the Plaintiff's core claim, and Paragraph 22 of the Smolowitz complaint, Paragraph 25 of the Den complaint, Paragraph 25 of the Weinstein complaint, Paragraph 25 of the Harrison complaint, and Paragraph 26 of the Pitzer complaint.) The Defendants have informed Plaintiff that they dispute the allegations.

5. On March 30, 2004, pursuant to a Notice of Related Cases, this Action was transferred to this Court. On March 31, 2004, Plaintiff filed an unopposed motion administratively to consolidate this action with any subsequently-filed purported derivative actions.

6. On April 6, 2004, the parties jointly moved to stay this Action pending resolution of a motion to dismiss the Class Actions, on the grounds that this Action and the Class Actions involve virtually identical allegations and many of the same parties.

7. On April 7, 2004, this Court deferred ruling on Plaintiff's motion to consolidate pending service on Defendants and an indication from Defendants as to whether they expect to object to the Plaintiff's bringing of this case as a derivative action.[1]

8. Pursuant to the Court's April 7, 2004 Order, Defendants respectfully inform the Court that they do object to the Plaintiff's bringing of this case as a derivative action.

---

[1] On April 15, 2004, counsel for Defendants executed a return of service and thereby agreed to accept service of the Complaint on Defendants' behalf.

3

Defendants anticipate that, if this case were to proceed, they would file a motion to dismiss the Purported Derivative Complaint on one or more grounds, including the provisions of the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 78bb(f), and on the alternative ground that the Plaintiff failed to make demand on Ibis' board of directors before filing suit, and failed to allege particularized facts demonstrating that such a demand ought to be excused as futile. The Defendants also anticipate that they would file a motion to dismiss the Complaint for failure to state a claim in accordance with Fed. R. Civ. P. 9(b) and 12(b)(6). Defendants may raise other defenses as well to the continuation of the Purported Derivative Action, and reserve all rights to do so.

9. Notwithstanding Defendants' objections to the Purported Derivative Action, and in accordance with the parties' Joint Motion to Stay, Defendants respectfully request that the Court stay this Action pending the Court's determination of whether the Class Actions should be dismissed, as a matter of law, on Defendants' motion. The Class Actions and the Purported Derivative Action involve the same factual allegations and many of the same parties. If the Class Actions are dismissed, staying the Purported Derivative Action pending a ruling on Defendants' motion to dismiss the Class Action complaints may, as a practical matter, be dispositive of the claims in the Purported Derivative Complaint as well and, thus, would be in the interests of judicial and litigant economy.

**WHEREFORE,** while Defendants do object to Plaintiff's bringing the above-captioned case as a shareholder derivative action, Defendants respectfully renew the parties' joint request that the Court stay this Action pending a ruling on Defendants' anticipated motion to dismiss the Class Action Complaints.

4

Dated: April 19, 2004

Respectfully submitted,

MARTIN J. REID, DIMITRI A. ANTONIADIS, ROBERT L. GABLE, LESLIE B. LEWIS, DONALD McGUINNESS, LAMBERTO RAFFAELLI, COSMO TRAPANI, and IBIS TECHNOLOGY CORP.

By their attorneys,

*/s/ Laura M. Stock*
Brian E. Pastuszenski (BBO #391030)
Christine S. Chung (BBO #631724)
Laura M. Stock (BBO #652276)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110
(617) 248-7000

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail [ ] on 4/19/04.

*/s/ Laura M. Stock*

3055041

# TESTA, HURWITZ & THIBEAULT, LLP

ATTORNEYS AT LAW

125 HIGH STREET
BOSTON, MASSACHUSETTS 02110-2704

OFFICE (617) 248-7000
Fax (617) 248-7100

Direct Dial (617) 310-8651
Direct Fax (617) 790-0588
E-Mail stock@tht.com

April 19, 2004

**By Hand**

United States District Court
For The District Of Massachusetts
John Joseph Moakley, U.S. Courthouse
1 Courthouse Way
Boston, MA 02110

    RE:    Louis F. Matheson, Jr. v. Martin J. Reid et al.,
             Civil Action No. 04-10341(RCL)

Dear Sir/Madam:

       Enclosed for filing in the above referenced action, please find Defendants' Response to Order on Unopposed Motion to Administratively Consolidate Actions.

       Please date-stamp the enclosed copies and return them to the awaiting messenger. Thank you for your assistance in this matter.

                         Very truly yours,

                         Laura M. Stock

Enclosures
cc: Alan L. Kovacs, Esq. (by First Class U.S. mail)
    William B. Federman, Esq. (by First Class U.S. mail)
    Marc S. Henzel, Esq. (by First Class U.S. mail)
    Brian M. Felgoise, Esq. (by First Class U. S. mail)

3055039_1