## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS F. MATHESON JR., Derivatively on Behalf of Nominal Defendant, IBIS TECHNOLOGY CORP.,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN J. REID, DIMITRI A. ANTONIADIS, ROBERT L. GABLE, LESLIE B. LEWIS, DONALD McGUINNESS, LAMBERTO RAFFAELLI, and COSMO TRAPANI,<br><br>Defendants<br><br>and<br><br>IBIS TECHNOLOGY CORP.,<br><br>Nominal Defendant. | Civil Action No. 04-10341 (RCL) |

## JOINT MOTION FOR AN ORDER CONTINUING STAY OF ACTION

Plaintiff Louis F. Matheson Jr. ("Plaintiff"), Defendants Martin J. Reid, Dimitri A. Antoniadis, Robert L. Gable, Leslie B. Lewis, Donald McGuinness, Lamberto Raffaelli, and Cosmo Trapani (collectively "Defendants") and nominal Defendant Ibis Technology Corp. ("Ibis") hereby file this Joint Motion for an Order Continuing Stay of Action. In support of this Motion, the parties state as follows:

1. This is a derivative action ("the Derivative Action") brought by a shareholder of Ibis Technology Corp. ("Ibis"), claiming that Ibis has been damaged by certain alleged breaches of fiduciary duty by the Defendants.

2. The factual allegations and core claims in the Derivative Action are similar to those set forth in a consolidated federal securities class action pending before this Court for the District of Massachusetts, captioned: In re Ibis Technology Securities Litigation, Civ. No. 04-10446 (RCL) (filed on or about March 4, 2004) (the "Class Action").

3. Due to the similarity of the factual allegations and core claims in the Derivative Action and the Class Action, the parties on April 4, 2004, filed a Joint Motion for an Order Staying Action pending the outcome of the Class Action Defendants' motion to dismiss.

4. This Court granted the parties' Joint Motion and issued an order captioned "Procedural Order on Joint Motion to Stay" (dated June 4, 2004), which stated that "[f]or administrative and statistical purposes, this case shall be closed without prejudice to any party on the court's docket during the period of the stay. The case shall be restored to the docket upon motion of any party (which motion shall make reference to this order) if it appears from the motion that further proceeding in this court are required after the entry of a final order on any motion to dismiss filed in the Consolidated Action. If no motion to restore this case to the docket is filed within thirty days from the entry of a final order on any motion to dismiss the Consolidated Action, this order shall constitute the final order terminating this case with prejudice."

5. On March 31, 2006, this Court entered a final order on the Class Action defendants' motion to dismiss, entitled "Memorandum and Order on Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss," granting the motion in part and denying the motion in part.

6. Because of the similarity of factual allegations and core claims, the parties, having conferred, believe it to be in the interest of judicial and litigant economy to continue the stay of

- 3 -

the Derivative Action pending the entry of a final order disposing of all claims in the Class Action, or until a motion to restore the matter to the docket is brought by any party after thirty (30) days notice to all other parties.

    7.    The parties therefore respectfully move for an entry of an order:

    a.    Continuing the stay of all proceedings in the Derivative Action, including all discovery, without prejudice;

    b.    Providing that Defendants' motion to dismiss (or other responsive pleading) shall be filed within forty (40) days after the entry of a final order disposing of all claims in the Class Action, or forty (40) days after any party moves to restore the matter to the docket, which motion to restore shall only be filed after thirty (30) days notice to all other parties.

WHEREFORE, the parties respectfully request that the Court enter an order granting this Joint Motion For An Order Continuing Stay Of Action in the form attached hereto.

| | |
|---|---|
| Dated: May 1, 2006 | Respectfully submitted, |
| LOUIS F. MATHESON JR., Derivatively On Behalf of Nominal Defendant, IBIS TECHNOLOGY CORP. | MARTIN J. REID, DIMITRI A. ANTONIADIS, ROBERT L. GABLE, LESLIE B. LEWIS, DONALD McGUINNESS, LAMBERTO RAFFAELLI, COSMO TRAPANI, AND IBIS TECHNOLOGY CORP. |
| By his attorneys, | |
| /s/ William B. Federman<br>Alan L. Kovacs (BBO #278240)<br>LAW OFFICE OF ALAN L. KOVACS<br>2001 Beacon Street, Suite 106<br>Boston, MA 02135<br>(617) 964-1177 | By their attorneys,<br><br>/s/ Brian E. Pastuszenski<br>Brian E. Pastuszenski (BBO #391030)<br>Christine S. Chung (BBO #631724)<br>Laura M. Stock (BBO #652276)<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>(617) 570-1000 |
| William B. Federman<br>FEDERMAN & SHERWOOD<br>120 N. Robinson, Suite 2720<br>Oklahoma City, OK 73102<br>(405) 235-1560 | |
| Marc S. Henzel<br>LAW OFFICES OF MARC S. HENZEL<br>273 Montgomery Avenue, Suite 202<br>Bala Cynwyd, PA 19004<br>(610) 660-8000 | |
| Brian M. Felgoise<br>LAW OFFICE OF BRIAN M. FELGOISE<br>261 Old York Road, Suite 423<br>Jenkintown, PA 19046<br>(215) 886-1900 | |

- 5 -

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 1, 2006.

                    /s/ Brian E. Pastuszenski

LIBA/1695056.1